HENRY B. SLAYBACK, Plaintiff, *v.* HOWARD T. ALEXANDER, Defendant.

First Department, November 9, 1917.

Contract — account stated — rendition of monthly statements of account — Statute of Limitations — when statute begins to run — addition of interest to monthly statements.

Where a firm of brokers rendered a statement to a customer of balances due from the customer after transactions between them had ceased and the statement was received, examined and retained by the customer without exception, there was an account stated which gave rise to a cause of action for the entire balance due which is independent of the original cause of action on the account if the Statute of Limitations had not run against any of the items of the account constituting the original transaction.

But the broker by continuing to send such monthly statements did not, by including monthly interest as it accrued, continue to keep the account alive as against the six-year Statute of Limitations which began to run from the date the account was first stated.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Arthur F. Gotthold* [*Earl B. Barnes* with him on the brief], for the plaintiff.

*Harford T. Marshall,* for the defendant.

LAUGHLIN, J.:

On the stipulated facts the plaintiff claims the right to recover the sum of $1,015.71, the amount of defendant's indebtedness to him as shown by an account rendered on

the 1st day of March, 1913, together with interest thereon from that date. Defendant claims that the account so rendered did not constitute an account stated and that the cause of action which on the facts stipulated plaintiff once had, is barred by the Statute of Limitations. The point presented for decision is whether there was an account stated between the parties on the 1st day of March, 1913, as claimed by the plaintiff, for if there was concededly the Statute of Limitations has not run against it.

On the 2d day of May, 1907, defendant opened an account with the stock-brokerage firm of Slayback & Co. for the purpose of buying and selling securities upon margin pursuant to the rules and customs of the New York Stock Exchange. Numerous orders to buy and sell securities were executed by the firm for defendant's account, and the last transaction was the purchase of fifty shares of Union Pacific Railway Company stock on the 13th day of July, 1908, to cover a prior short sale. After that purchase the customer was neither long nor short of securities, but there was a balance owing by him to the brokerage firm of $758.64. During the time the account was active the brokerage firm rendered monthly statements to the customer in accordance with the general custom and rendered such a statement on the 1st day of August, 1908, after the last transaction. Thereafter the brokerage firm continued to render monthly statements which showed no items of account between the parties but merely the balance as shown by the preceding monthly account upon which interest for the month had been computed and added, thus showing a new balance by the addition of one month's interest on the former balance. Such was the statement rendered by the brokerage firm to the defendant on the 1st day of March, 1913, which the plaintiff claims constituted the account stated. On the 28th of March, 1914, the brokerage firm dissolved and the plaintiff, who was one of the members thereof, became the assignee of the account.

On the facts stipulated the account rendered on the 1st day of August, 1908, after the last transaction between the parties, which was received, examined and retained by defendant without exception, clearly constituted an account stated as to the entire balance and gave rise to a new cause of action

quite independent of the original cause of action on the account, the Statute of Limitations not having then run against any of the items of the account constituting the original transactions. (*Lockwood* v. *Thorne*, 11 N. Y. 170; *Spellman* v. *Muehlfeld*, 166 id. 245; *Eames Vacuum Brake Co.* v. *Prosser*, 157 id. 289; *Daintrey* v. *Evans*, 148 App. Div. 275; *Knickerbocker* v. *Gould*, 115 N. Y. 533; *Schutz* v. *Morette*, 146 id. 137; *Delabarre* v. *McAlpin*, 101 App. Div. 468; 25 Cyc. 1138.) The subsequent monthly statements of the account were merely renditions of the account already rendered with the exception of the addition of the monthly interest. Manifestly the addition of the interest monthly did not constitute the statement then rendered a new account, for in so far as it involved compound interest, which was the only new item in it, it was unauthorized and, therefore, the monthly accounts rendered were quite analogous to the monthly rendition of an overdue account by a merchant to a customer, and only differed therefrom in the addition of the interest. No decision has been cited and we have found none in which the question arose as to whether a cause of action on an account stated may be continued indefinitely against the Statute of Limitations by merely rendering the same over again within each six-year period. We are of the opinion that where an account becomes an account stated by reason of its being forwarded and received and retained after examination as here the cause of action upon that account stated thereupon accrues and the Statute of Limitations commences to run and that it is not within the power of the creditor to extend the running of the Statute of Limitations merely by rendering the same account over again from time to time.

It follows that the defendant should have judgment for a dismissal of the complaint as claimed, but, in accordance with the stipulation, without costs.

SCOTT, SMITH, PAGE and DAVIS, JJ., concurred:

Judgment directed for defendant dismissing the complaint, without costs. Order to be settled on notice.