Appeal by appellant-respondent from an interim decree, and from the final decree of the Surrogate’s Court, Kings County, judicially settling the account of the administrator, insofar as the claim of James W. Springsted for $8,641 is disallowed, except to the extent of $1,096, and insofar as interest is not allowed. Appeal by the administrator from both the interim and' final decrees insofar as the said claim is allowed in the sum of $1,096, and from the allowance of costs. Final decree modified on the law and the facts by increasing the amount allowed on the claim to $1,189, by awarding interest to the claimant on the sum of $93 from December 31, 1937, and on the sum of $1,096 from December 9, 1943. As so modified, the decree, insofar as appealed from, is unanimously affirmed, without costs. Appeals from the interim decree dismissed, without costs. The claim consists of items of dental services rendered to claimant’s sister from 1900 to her death on June 26, 1935, and to her husband, the decedent Charles W. Bartlett, from 1900 to his death on December 9, 1943, in the total sum of $8,641. Statements of account were rendered at the end of each year to said decedent, which included not only the charges for the current year but the accumulated unpaid charges for prior years. Decedent never objected to any of the statements of account, nor to any item in the account. Claimant sought to recover the full amount of the services rendered solely on the theory of account stated. The Surrogate found that there was no account stated, but that claimant was entitled to recover the reasonable value of services rendered for six years prior to decedent’s death. Failure to object to any of the items contained in the 1942 account, proof of the rendition of the services in 1943, the request by decedent for a statement in November, 1943, the acknowledgment by decedent of the receipt of that statement, and the failure on the part of decedent to object to any item of the account insofar as it concerned services rendered in 1943, were sufficient to constitute an account stated in the sum of $8,641. (Knickerbocker v. Gould, 115 N. Y. 533; Bodkinson v. Saecker, 248 N. Y. 480; Lockwood v. Thorne, 11 N. Y. 170, 18 N. Y. 285.) The family relationship of the parties did not relieve decedent from the obligation to investigate the correctness of the account end to voice his objections promptly in view of the evidence showing that the *1069 relationship between the parties was one of debtor and creditor. (Hughes V. Smither, 23 App. Div. 590, 594, aifd. 163 N. Y. 553.) It was improper to grant recovery on the theory of reasonable value when claimant proceeded solely on the theory of account stated, since the administrator was deprived of the opportunity of litigating the question of reasonable value. (Vollcening V. HeGraaf, 81 N. Y. 268, 272; Rodkinson v. Haecker, supra, p. 490; Helfhat V. Whitehouse, 258 N. Y. 274, 278.) Proceeding on the theory of account stated, claimant is entitled to recover not only for those items within six years of the statement of the account in November, 1943, but also for those items of work done during the calendar year 1937 totalling $93, which were included in the December, 1937, account stated, the Statute of Limitations as to the latter account not having expired at the time of decedent’s death. (Helabarre v. McAlpin, 101 App. Div. 468; Fox v. Patachnikoff, 75 Mise. 113.) There can he no recovery for items in the December, 1937, account stated which had been included in the December, 1936, account stated. (Slapback v. Alexander, 179 App. Div. 696.) The account between the parties was not mutual, open and current within the meaning of section 56 of the Civil Practice Act because the evidence shows that merchandise, consisting of drugs delivered by decedent to the claimant, was considered by the claimant as a payment on account rather than as a sale to him, the price to he credited on the account. (Green v. Disbrow, 79 N. Y. 1.) The payments made within the statutory period in excess of the charge for the particular treatment given on the day of payment are not such as lead to the conclusion that it was on account of the entire lapsed debt, from which an inference can be drawn of an admission by the decedent of the existence of the greater indebtedness, within the meaning of section 59 of the Civil Practice Act. (Adams v. Olin, 140 N. Y. 150, 159-160.) Claimant is entitled to interest on the amounts allowed. (Civ. Prae. Act, § 480.) Present — ■ Hagarty, Acting P. J., Carswell, Johnston and Sneed, JJ.; Nolan, J., not voting.