**Elmer Wielander, Plaintiff-Appellant, v. N. Henich, d/b/a A. Aball Roofing and Hardware, Defendant-Appellee.**

**Gen. No. 49,917.**

First District, Third Division.

October 28, 1965.

Frank J. Toman, of Berwyn, for appellant.

Max Segal, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff, Elmer Wielander, owner of premises at 1415 South Harlem Avenue, Berwyn, Illinois, brought suit against the defendant, N. Henich, d/b/a A. Aball Roofing & Hardware Co., upon a five-year guarantee written in an estimate submitted by the defendant to the "Owner of Property" at 1417 So. Harlem Avenue. The estimate was for roof repair work to be done by the defendant, and specified the type of work, but did not mention upon which particular property the work was to be done. The estimate was not signed by anyone, but was written on the stationery of the defendant. Further, the year when the estimate was given cannot be ascertained from the instrument since it was filled out as "November 15, 195—."

Plaintiff, in his amended statement of claim, claimed that this estimate constituted an agreement between himself and the defendant, entered into in the year 1955, and that the work was to be done on the premises owned by the plaintiff at 1415 S. Harlem Avenue, Berwyn, Illinois. Plaintiff alleged that the work was done by the defendant in an improper manner, that the roof leaked, and that water entered his premises damaging the interior of the building in the amount of $1,000. Plaintiff did not allege when the leak occurred, either before the work was done, after it was done and within the five-year guarantee period, or after the five-year guarantee period expired.

The suit was commenced by the plaintiff on November 4, 1963. The defendant filed a motion to strike the claim on the grounds that the action was barred by the five-year statute of limitations pertaining to oral contracts. The trial court sustained this motion, dismissed the cause, and gave judgment for the defendant. The plaintiff appeals from that order.

The relevant portions of the estimate, which plaintiff contends constitutes the agreement between himself and the defendant, are as follows:

"A. Aball Roofing & Hardware Co.
 3925 W. Roosevelt Road

\* \* \* \* \* \*

Chicago 24, Ill. November 15, 195

TO Owner of Property
 1417 So. Harlem Ave.
Estimet (sic)"

Then follows a description of the work, and the instrument ends with:

"and gurantted (sic) for 5 years."

The contract was not signed by either of the parties.

The only question presented here is whether plaintiff's action is barred by the five-year statute of limitations pertaining to oral contracts. That statute provides: ". . . actions on unwritten contracts, expressed or implied, . . . shall be commenced within five years next after the cause of action accrued." Ill Rev Stats 1963, chap 83, par 16.

Though the exact year when this estimate was given cannot be ascertained from the face of the instrument itself, plaintiff alleges that it was given in 1955. He contends that since this is a written contract the ten year statute of limitations pertaining to written contracts applies, (Ill Rev Stats 1963, c 83, par 17) and therefore the suit was commenced within the proper time limit.

We do not agree with the plaintiff. Several reasons lead us to conclude that since parol testimony must be used to make the agreement complete, it is at best an oral contract and the suit is barred by the five-year statute of limitations.

· 230

■■ The pertinent law on agreements such as the instant one, is: "A written contract is one, which, in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract." Bishop on Contracts, secs 163, 164. "If it be true that the agreement, as set forth in writing, is so indefinite as to necessitate resort to parol testimony to make it complete, the law is, that in applying the statute of limitations it must be treated as an oral contract. Both reason and authority support this view." Plumb v. Campbell, 129 Ill 101, 18 NE 790.

This estimate merely reads "Owner of Property" and nowhere on its face does it mention the plaintiff by name. Not only must parol evidence be introduced to show that the plaintiff was the party with whom the agreement was entered into, but also that plaintiff was the owner of the property, at 1417 So. Harlem at that time.

The case of Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Loomis, 142 Ill 560, 32 NE 424, concerned an action by a widow to recover benefits under the bylaws of a mutual aid society. The action was brought after five years and within ten years after the action accrued, and one of the issues was whether it was barred by the five-year statute of limitations pertaining to oral contracts. The plaintiff's deceased husband was a member of the society, but the bylaws merely provided for "widows" to be paid a specific sum. The court said that this was not a contract in writing with the widow, as parol evidence was necessary to show that the deceased left a widow, and that the party seeking its enforcement was his widow.

One page 567 of the opinion the court said: "A contract cannot be said to be in writing, unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself. If the party to a written contract is not named therein, the contract is defective as containing only a part of the agreement.

231

In such case, the agreement is only partly reduced to writing, because parol evidence must be resorted to, in order to show with whom the bargain was made." (Citing cases.)

The court went on to conclude that since the plaintiff was not named as a party in the certificate of membership and constitution and bylaws, the contract was an oral one and governed by the statute of limitations pertaining to oral contracts.

■ By analogy to the instant case, the Loomis case, supra, shows that a contract is oral if parol evidence is needed to show who is a party to a written contract. The estimate does not name the plaintiff as a party thereto, and oral evidence is needed not only to show that he was the party with whom the agreement was entered into, but also that he was the owner of the property at that time.

Cases subsequent to Loomis, supra, cite that case with approval and authority. In Novosk v. Reznick, 323 Ill App 544, 56 NE2d 318, the court referred to the Loomis case, ". . . which is the leading case in this State and has been repeatedly cited and followed." Cf. also Mullberg v. Johnson, 340 Ill App 92, 91 NE2d 63; Kordewick v. Indiana Harbor Belt R. Co., 157 F2d 753, cert denied, 329 US 806.

■ Plaintiff cites certain cases which he contends demonstrate that this is actually a written contract. These cases are not applicable to our factual situation since in each of these cases both parties to the contract were named therein, and there was only a question of whether acceptance of benefits could remedy the defect of nonsignature by one of the parties. We have no quarrel with these cases since the law is clear that if a party is named in the contract, his signature is not necessarily needed to enforce that contract. However, in our case, not only do we not have a signature by the

plaintiff, but he is not named on the face of the instrument.

In Plumb v. Campbell, 129 Ill 101, 18 NE 790, the instrument, held to be a written contract, contained the names of both of the parties thereto. In Memory v. Niepert, 131 Ill 623, 23 NE 431, in specifying the elements going to make up a completed written contract, it is said: "The names of the parties are given, etc." In Ames v. Moir, 130 Ill 582, 22 NE 935, both of the parties to the contract were named therein, and the court held it be a contract even though not executed by one of the parties, since that party accepted its benefits.

The case of Staley v. Snow, 209 Ill App 452 (1918), is cited by the plaintiff in support of his contention that if the names of the defendants do not appear on the contract, and it is necessary to introduce evidence to identify them, it does not make the contract an oral one. In that case the defendant in the contract was named as the Co-Operative Home Purchasing Society, and the only oral evidence needed to sustain the contract was evidence to identify the named defendants as copartners who did business under the name of Co-Operative Home Purchasing Society.

This case does not aid the plaintiff's case as it is not contended that the plaintiff must prove that the defendant owned the A. Aball Roofing & Hardware Co. Rather, plaintiff must show that he was the one to whom the contract was submitted, and that he owned the property at 1417 So. Harlem Avenue. This the plaintiff is unable to do without introducing parol evidence, which would then make the contract an oral one.

Furthermore, there are additional reasons why this contract must be construed as partly oral and partly written. The plaintiff in his amended statement of claim alleged that he is the owner of premises located at 1415 So. Harlem Ave., while the estimate was addressed to "Owner of Property 1417 So. Harlem Ave." Because of

the discrepancy between the address in the amended statement of claim and the address in the estimate, it would be necessary to prove by parol evidence that the work was done on plaintiff's property, the address at which the work was done and that the plaintiff was the owner of the property at the time the work was done.

Another omission in the contract which requires parol evidence to make it complete is the fact that the year it was entered into is not stated on the face of the instrument. The date reads "November 15, 195—." Since the defense interposed herein was the statute of limitations, the year the contract was entered into is most material. To make the contract complete in that respect it would be necessary to offer parol evidence as to the year it was entered into.

 We conclude that the contract here sued upon is not in all its terms in writing, and since it is partly in writing and partly oral it must be considered an oral contract under the law.

The trial court correctly concluded that this action was barred by the five-year statute of limitations pertaining to oral contracts.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.