JAY H. SCHMIDT, Plaintiff-Appellant, *v.* RALPH A. NIEDERT, JR., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 76-174

Opinion filed December 30, 1976.

Alan Kawitt, of Chicago, for appellant.

Wilhelm F. Levander, of Des Plaines, for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion:

The plaintiff, Dr. Jay H. Schmidt, filed suit in the circuit court of Cook County on January 8, 1975, against Ralph A. Niedert, Jr., and Judith Niedert. His complaint was based on defendants' failure to pay him money for professional medical services rendered to defendant, Ralph A. Niedert, Jr. The latter filed a motion to dismiss the cause of action under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(e)), for failure to commence the action within the time limited by law. The trial court granted the motion and dismissed the complaint. Plaintiff's primary contention on appeal is that the 10-year statute of limitations should apply. He also argues that Niedert's motion to dismiss was "impeached" by his tardy answer to plaintiff's notice to admit facts.

At the time of the signing of the contract, defendant Judith Niedert was the wife of Ralph. Before this suit was filed, the pair obtained a divorce. Inasmuch as the former wife does not appear as a party to the contract, and since she was not served with summons, she will not be considered

as a party in this appeal. Hereinafter, Ralph A. Niedert, Jr., will be referred to as "defendant" in this matter.

Plaintiff based his action in contract on the fact that defendant had "impliedly or expressly promised to pay plaintiff a reasonable sum as his fee for rendition" of professional services. The complaint alleged that $2,348 was a reasonable sum for these services, as illustrated by an attached exhibit. No exhibit was attached to complaint at the time of its filing. Defendant's aforementioned motion to dismiss the complaint charged that the time allowed by the statute of limitations had run. The motion, supported by defendant's sworn affidavit, stated that the only medical services which plaintiff had rendered in defendant's behalf had occurred in 1966.

On June 18, 1975, plaintiff failed a notice to admit facts. Attached to this notice was a copy of the writing upon which the complaint was based. The writing was dated November 25, 1966, and signed "Ralph A. Niedert, Jr." An exact copy of the typewritten document, including its mistakes, is as follows:

> "This to confirm that I now request Dr. Schmidt to re operate on my ears to have the external portion as closed to my head as possible. I originally requested Dr. Schmidt to perform ear plastic surgery and do same so that the ears were the normal distance from the head, which he did to my satisfaction.
>
> Now however I wish the surgury revised as above and also the roll on the edge of the external ear to be flatten.
>
> I understand that this surgery being a second work in the same area is difficult and the correction I desire is unusual. I agree to pay $500.00 for this work.
>
> I also desire correction of a long standing condition of sinusitis, nasal blockage and nasal deformity which I wish Dr. Schmidt to correct by Rhinoplasty and sinus surgery, and I understand the fee for the rhinoplasty is the same as for the original otoplasty, plus the ill. state medical society fee schedule for the sinus work, and that I owe Dr. Schmidty $197.00 for visits and medicine to date.
>
> I have read, understand and approve the foregoing.
>                                        [signed] Ralph A. Niedert, Jr."

On October 17, 1975, defendant filed a memorandum in support of his motion to dismiss, the basis of which was that the five-year statute of limitations governing oral contracts should apply. On January 7, 1976, the date of the hearing of defendant's motion to dismiss, defendant filed his answer to plaintiff's notice to admit facts. Defendant generally denied the facts or contended that he had insufficient knowledge to enable him to admit the facts. He did admit to having signed the document which was dated November 25, 1966. On January 7, 1976, the trial court dismissed

the complaint. Plaintiff first contends that the document signed by defendant in 1966 is either a written contract or "other evidence of indebtedness in writing." As such, he argues that section 16 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 17) should apply:

> "Except as provided in Section 2—725 of the 'Uniform Commercial Code', enacted by the Seventy-second General Assembly, actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay."

Defendant counters that the document fails to meet the standards which govern the constitution of a written contract or "other evidences of indebtedness in writing" and should therefore be treated as an oral contract. Section 15 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 16) limits the time for filing actions on oral contracts to five years.

■■  A writing qualifies as "other evidence of indebtedness in writing" under section 16 only when one need not resort to parol evidence to establish the vital elements of the agreement. This principle was delineated clearly in the recent case of *Estate of Garrett v. Garrett* (1975), 24 Ill. App. 3d 895, 322 N.E.2d 213, wherein it was noted at page 899:

> "Under the weight of the modern authorities, moreover, the term 'other evidences of indebtedness in writing' seems properly construed as a general expression embracing all kinds of written instruments of the same class or nature as those specifically enumerated in the statute but without regard to their precise form or phraseology. If the language of a writing may fairly be construed to contain a promise to pay money, or if the instrument states a fact from which the law implies an obligation to pay and there is no need to resort to parol evidence in order to establish any essential elements of the agreement forming the basis of the action, the instrument is within section 16 of the statute of limitations founded upon 'evidences of indebtedness in writing.' "

■■  In the present case, plaintiff claimed that the sum of $2,348 is owed him because of the writing signed by defendant. It is clear from an examination of that writing that the only way to establish the amount which defendant allegedly owes plaintiff is through the introduction of parol evidence. It is impossible to establish the fee for the rhinoplasty or for the sinus surgery from the face of the writing itself. The original

otoplasty is referred to, but nowhere is its value mentioned. Thus for determining which section of the limitations act applies, this must be deemed to be an oral contract.

■■■ This result is supported by Illinois case law and basic contract theory. Since an essential element of the contract was omitted, the entire contract must be viewed as an oral contract. *Wielander v. Henich* (1965), 64 Ill. App. 2d 228, 211 N.E.2d 775, outlines the applicable law as follows:

> "The pertinent law on agreements such as the instant one, is: 'A written contract is one, which, in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract.' Bishop on Contracts, secs. 163, 164. 'If it be true that the agreement, as set forth in writing, is so indefinite as to necessitate resort to parol testimony to make it complete, the law is, that in applying the statute of limitations it must be treated as an oral contract. Both reason and authority support this view.' *Plumb v. Campbell* 129 Ill. 101, 18 N.E. 790." (64 Ill. App. 2d 228, 231.)

As such, section 15 is applicable, and plaintiff's claim justifiably was barred.

■■ Plaintiff also contends that because defendant failed to file a timely answer to the notice to admit facts that the facts were admitted. Plaintiff then reasons that the motion had no validity because of these admissions. There is a question as to whether the trial court had stayed the proceedings during the interval between the filing of the notice and the hearing on the motion to dismiss. In any event, it is unnecessary for us to decide whether or not these admissions were in fact made. No facts contained in the notice would have removed the necessity of having to use parol evidence to establish the essential elements of the contract.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing the complaint is affirmed.

Judgment affirmed.

MEJDA and McGLOON, JJ., concur.