JAY H. SCHMIDT, Plaintiff-Appellant, *v.* JAMES J. KIELY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 62264

Opinion filed July 20, 1977.

Alan Kawitt, of Chicago, for appellant.

John K. Kallman, of Sidley & Austin, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On July 30, 1974, the plaintiff filed this suit against James J. Kiely and Patrick Kiely alleging that the plaintiff is a medical doctor and rendered professional services at the request of James J. Kiely for his son, the defendant Patrick Kiely then a minor. The complaint further alleged that the defendant James J. Kiely impliedly or expressly promised to pay to the plaintiff a reasonable sum as a fee for the rendition of services and that the sum of $1684 has not been paid. Isabelle Kiely the wife of James and mother of Patrick was also made a defendant under another theory.

The defendants filed a motion to dismiss under section 48(e) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(3)) alleging that the cause of action arose more than 10 years prior to the date that the lawsuit was commenced and the action therefore was barred by section 16 of the statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 17). In support of their motion James J. Kiely filed an affidavit which stated that the plaintiff had rendered medical services for Patrick Kiely in 1961 or 1962 and that he had not spoken with, corresponded with, or in any other way communicated with or had any contact with the plaintiff since that time. The affidavits of Patrick Kiely and Isabelle Kiely stated that they had no correspondence or communication with the plaintiff since 1961 or 1962.

The plaintiff responded with an affidavit which stated that on June 7, 1966, the defendant James J. Kiely signed a copy of a statement that was rendered. A copy of that statement was attached to the affidavit and showed that it was on a common type of statement or billing form with the name and address of the plaintiff at the top; the date of the statement of June 6, 1966, was under the name and to the right of the form; centered on the form and typed in was the name of Patrick Kiely and his address;

to the left hand margin under the name of Patrick Kiely were the words "For professional services"; typed in and on the same line as the preceding was the dollar amount $1684; directly under the dollar amount hand printed were the words, "This will be paid in 90 days"; and directly under the preceding and in script was the word, "Correct" and the date "6-7-66" followed by a signature, "James J. Kiely."

The motion to dismiss was granted and the suit was dismissed as to all parties. This appeal does not question the propriety of the dismissal as to Patrick Kiely nor Isabelle Kiely. For purposes of the motion to dismiss, based on the affidavit of the plaintiff, we accept as true the fact that James J. Kiely signed the writing on June 7, 1966. Also accepted as true, based on the affidavits of the defendants, is that the services were rendered in 1961 or 1962. Consequently, the lawsuit was filed more than 10 years after the services were rendered, but less than 10 years after the writing now relied on by the plaintiff. Section 16 of the statute of limitations provides that:

> "* * * actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing shall be commenced within 10 years next after the cause of action accrued; * * *." Ill. Rev. Stat. 1973, ch. 83, par. 17.

The plaintiff asserts that the defendant's writing constitutes "other evidences of indebtedness in writing" so as to satisfy the statute and in support thereof he cites the case of *In re Estate of Garrett* (1975), 24 Ill. App. 3d 895, 322 N.E.2d 213. In *Garrett*, the plaintiff was the son of the decedent whose estate was the defendant in a suit based on a written instrument found in the safety deposit box of the decedent. The writing was on the back of a promissory note signed by the decedent and payable to a bank. The writing stated that the plaintiff had loaned the decedent $2,500 to pay the note and that he wished that $2,500 to be paid to the plaintiff out of his estate. That notation was signed by the decedent. Also, an envelope containing the note bore a writing in the hand of the decedent saying that he owed the plaintiff the amount of money. The court there first found that the writing did not qualify as a note because it did not provide for payment absolutely and unconditionally and further it did not qualify as a written contract because the documents were not delivered to the plaintiff and in fact were not known to the plaintiff until after the death of his father. The court, in concluding that the writing constituted "other evidences of indebtedness in writing" stated:

> "Under the weight of the modern authorities, moreover, the term 'other evidences of indebtedness in writing' seems properly construed as a general expression embracing all kinds of written instruments of the same class or nature as those specifically enumerated in the statute but without regard to their precise form

or phraseology. If the language of a writing may fairly be construed to contain a promise to pay money, or if the instrument states a fact from which the law implies an obligation to pay and there is no need to resort to parol evidence in order to establish any essential elements of the agreement forming the basis of the action, the instrument is within section 16 of the statute of limitations founded upon 'evidences of indebtedness in writing.' A cause of action, however, is not founded on a written instrument within that statute merely because it is indirectly connected with the writing or because the writing may be a link in the chain of evidence establishing liability. See, e.g., *Mowatt v. City of Chicago* (1920), 292 Ill. 578, 582; *Knight v. St. Louis Iron Mountain & Southern Ry. Co.*, 141 Ill. 110, 115; *Memory v. Niepert*, 131 Ill. 623, 630; *Bracklein v. Realty Ins. Co.* (1938), 95 Utah 490, 80 P.2d 471, 476; *Grant v. Williams* (1954), 158 Neb. 107, 62 N.W.2d 532, 536." *Garrett*, at 899.

■■ Here the defendant claims that the writing is mere evidence of a prior oral agreement and is ambiguous as to its promise to pay. We do not believe that the writing is of the same class or nature as bonds, promissory notes, bills of exchange, written leases or written contracts as was found in the writing in *Garrett* nor, in another case cited by the plaintiff, in *Ruettinger v. Schulman* (1938), 293 Ill. App. 285, 12 N.E.2d 237. In *Garrett* the court commented that the writing was complete and it was not necessary to resort to parol evidence. The writing contained an unequivocal expression that the decedent wished to have a certain sum paid to the plaintiff and an explanation as to how that money came to be due to the plaintiff. It was in the same class or nature as a note or a written contract although the writing did not fulfill all the necessary requirements for either. Similarly in *Ruettinger* the writing indicated the nature of the prior transactions of the parties and the memorandum was specific in stating that the defendant was to pay an amount due as a result of their prior transactions. In *Schmidt v. Niedert* (1976), 45 Ill. App. 3d 9, 358 N.E.2d 1305, the writing was found wanting because it failed to indicate the amount owed. In the case at bar presented to the court is a statement with a notation that it is "Correct" and "this will be paid within 90 days." Whether it is to be paid by the defendant or by an insurance company or another person is not stated. The writing now relied on does not give the date of the services rendered nor to whom the services were rendered. Only in the vaguest way does it indicate the type of professional services. We can only conclude that the cause of action is indirectly connected with the writing and that the writing merely constitutes a link in the chain of evidence establishing liability.

■■ The plaintiff further contends that the defendant's failure to plead

within the time specified justifies a default and judgment against him. This contention stems from an order entered on April 9, 1975, denying the plaintiff's motion for a default and judgment. On August 30, 1974, a default had been entered against the defendant. This was vacated within 30 days and the defendant was given 28 days within which to answer. Within that time period the defendant was given a further 28 days and within that time period filed a motion to dismiss. That motion was stricken on February 26, 1975. The record does not show how the matter came to be heard that day nor what transpired at the hearing. The April 9 hearing was had pursuant to a notice of motion and the plaintiff's motion for a judgment based on a default for failure to answer was denied. There is no transcript of that proceeding and the record only reveals the order denying plaintiff's motion. At that stage the only pleading before the court was the complaint. However, on April 30, 1975, the defendant moved to reinstate the motion to dismiss. The allowance of that motion precipitated this appeal. It is well established that default judgments are not encouraged and should be employed only as a last resort. (*Jones v. Sullivan* (1976), 34 Ill. App. 3d 786, 340 N.E.2d 323.) Under the circumstances we do not deem that the trial court abused its discretion in denying plaintiff's motion for judgment.

For the reasons stated the judgment of the trial court is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.