JOE CLARK, Plaintiff-Appellant, v. WESTERN UNION TELEGRAPH COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—1937

Opinion filed February 14, 1986.

P. Scott Neville, Jr., and Arthur Wheatly, both of Chicago, for appellant.

Todd H. Thomas, of Eckhart, McSwain, Hassell & Silliman, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Joe Clark appeals from the dismissal of his complaint against defendant Western Union Telegraph Company and individually named agents of the company. Plaintiff alleged that Western Union's refusal to pay the full commission on a sale constituted a breach of

contract, fraud, and a violation of the Illinois Wage Payment and Collection Act (see Ill. Rev. Stat. 1977, ch. 48, pars. 39m—1 *et seq.*). The trial court found that plaintiff's actions were barred by the five-year statute of limitations for oral contracts, fraud, and "civil actions not otherwise provided for." (See Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) We accept all well-pleaded facts as true.

Plaintiff alleged that in 1978, he was employed by Western Union as a major account representative in the Chicago sales office. He alleged that defendants computed commissions for members of the sales force by (1) determining the number of "quota units" associated with a given product according to the 1978 Sales Compensation Plan, (2) determining the dollar value per quota unit according to the employee's individual 1978 Compensation Arrangement, and (3) multiplying the number of quota units by the dollar value per unit. Plaintiff attached copies of the Sales Compensation Plan and his Compensation Arrangement to his complaint.

Plaintiff alleged that in October of 1978, he sold Western Union's Infocast system to the Chicago Board of Trade, but that defendants underpaid him for the sale. According to the Sales Compensation Plan, plaintiff alleged, he was entitled to a commission of $53,760; however, defendants refused to pay according to the plan, and paid plaintiff only $6,500. Plaintiff alleged that agents of Western Union knew that Infocast was commissionable, but misrepresented that fact to plaintiff. Plaintiff claimed that this course of conduct constituted breach of contract, fraud, and violation of the Illinois Wage Payment and Collection Act (see Ill. Rev. Stat. 1977, ch. 48, par. 39m—1 *et seq.*).

Plaintiff filed his complaint on November 29, 1983. Defendants filed a motion to dismiss on grounds that the complaint was barred by the applicable statute of limitations, that the complaint failed to state a cause of action, and that the complaint was barred by a pending action for administrative review (see *Clark v. Human Rights Com.* (1986), 141 Ill. App. 3d 178). The trial court found that plaintiff's complaint stated a cause of action for breach of an oral contract, and that all of his claims were barred by the five-year statute of limitations. See Ill. Rev. Stat. 1983, ch. 110, par. 13—205.

Plaintiff filed a timely notice of appeal.

OPINION

Plaintiff contends that his compensation contract was written, not oral, and therefore subject to the 10-year statute of limitations (see Ill. Rev. Stat. 1983, ch. 110, par. 13—206). Defendants respond that the purported writings lack essential terms of the contract, and so the trial

court properly concluded that the five-year statute for oral contracts barred plaintiff's cause of action. We agree with defendants.

■ A contract is written where all essential terms are reduced to writing and are ascertainable from the instrument itself; if parol evidence must be introduced to make the contract complete, then the contract is unwritten. (See *Railway Passenger & Freight Conductors' Mutual Aid & Benefit Association v. Loomis* (1892), 142 Ill. 560, 32 N.E. 424; *Schmidt v. Niedert* (1976), 45 Ill. App. 3d 9, 358 N.E.2d 1305.) Defendants point to a number of essential terms absent from the alleged contract writings, including the number of quota units associated with the sale of Infocast, the dollar value per quota unit, and plaintiff's name. Plaintiff responds that these terms are set forth in other writings and in the judicial admissions of the defendants.

■ We believe that plaintiff has misconceived the issue in this case. The issue is not whether the terms of the contract can be readily ascertained, the issue is whether the writings contain the necessary terms. Here, the parties' agreement with respect to the allocation of quota units for Infocast and the dollar value per unit cannot be found in the writings attached to the complaint. It may be true that company policy and testimony before an administrative tribunal establish these matters, but this does not convert an unwritten agreement into a written one, and plaintiff cites no authority to this effect. We conclude that the trial court properly applied the five-year statute of limitations to plaintiff's action.

■ Plaintiff next contends that the statute was tolled by defendants' fraudulent concealment of his cause of action. Defendants respond that plaintiff had a reasonable time after discovery of his cause of action in which to file suit, and so the statute was not tolled. It is settled that if a plaintiff discovers a cause of action before the statutory period has run and fails to file within a reasonable time, the plaintiff is barred notwithstanding the defendants' fraudulent concealment. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 322, 402 N.E.2d 560; *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1014-15, 377 N.E.2d 161.) The complaint in this case demonstrates that plaintiff's causes of action accrued in October of 1978, and that plaintiff discovered defendants' alleged breaches and misrepresentations no later than June of 1981. It is apparent, therefore, that plaintiff discovered the causes alleged in his complaint more than two years before the statute of limitations ran. The trial court was correct in holding that, as a matter of law, this was a reasonable time within which to file suit, and that plaintiff's claims filed on November 29, 1983, were barred.

■ Plaintiff next contends that defendants' conduct constituted a

violation of the Illinois Wage Payment and Collection Act (the Act) (see Ill. Rev. Stat. 1977, ch. 48, par. 39m—1 *et seq.*), and that section 14 of the Act provides that "[e]ach day during which any violation of this Act continues shall constitute a separate and distinct offense." (Ill. Rev. Stat. 1977, ch. 48, par. 39m—14.) Plaintiff reasons that the Act tolls the period of limitations until the employer pays the indebtedness in question. Defendants maintain that the quoted provision applies only to criminal misdemeanor penalties prosecuted by the Department of Labor.

We note that plaintiff's interpretation of the Act would negate the statute of limitations in all cases of disputed compensation. We do not believe that the legislature intended so far-reaching a result. Section 14 specifically addresses misdemeanor penalties, and the Act provides separately for the preservation of civil claims by aggrieved employees. (Compare Ill. Rev. Stat. 1977, ch. 48, par. 39m—14, with Ill. Rev. Stat. 1977, ch. 48, par. 39m—11.) We hold that the continuing violation provision of section 39m—14 applies to actions brought by the Department of Labor, and that civil suits by aggrieved employees are governed by the limitations provisions of the Code of Civil Procedure. (See Ill. Rev. Stat. 1983, ch. 110, pars. 13—101 *et seq.*) As we have noted, plaintiff's claims were barred by the applicable statute.

Plaintiff asserts many more errors, but we find that he would not be entitled to reversal based on these assertions. Plaintiff argues that defendants' motion to dismiss failed to delineate the code section relied upon. While we have criticized this practice repeatedly in the past, we have noted that reversal would be justified only where plaintiff can establish prejudice (see *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60; *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973), and he has not done so here. Plaintiff makes numerous allegations of wrongdoing by defendants and their counsel, but we have examined the record and find that all of the alleged misconduct pertains to the merits of the case and not to the timeliness of suit.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA, P.J.,* and PINCHAM, J., concur.

---

*This opinion was concurred in prior to the retirement of Presiding Justice James J. Mejda from the court.