DOLPH LEFFLER, JR., as Trustee, Plaintiff-Appellant, v. ENGLER, ZOGHLIN & MANN, LTD., *et al.*, Defendants-Appellees.

First District (1st Division) No. 86—0644

Opinion filed June 22, 1987.

Bruce E. Vodicka, Ltd., of Arlington Heights, for appellant.

Henry deVos Lawrie, Jr., Michael M. Conway, and Fredric S. Singerman, all of Hopkins & Sutter, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Dolph Leffler, Jr., appeals from the order of the circuit court of Cook County granting defendants', Engler, Zoghlin & Mann, Ltd., and Ronald H. Engler's, motion to dismiss plaintiff's complaint with prejudice. On appeal, plaintiff's main contention is that because defendants fraudulently concealed plaintiff's cause of action, the statute of limitations within which he may have brought suit was extended for five years from the date he discovered the fraud. For the reasons that follow, we reverse and remand for further proceedings.

The pleadings reveal the following facts: Plaintiff was a trustee and participant of the "Suburban Tire Company Pension Plan and Trust." Defendant, Ronald H. Engler, was an employee and agent of defendant Engler, Zoghlin & Mann, Ltd., and was an enrolled actuary.

In about March of 1979, plaintiff, on behalf of Suburban Tire Company (Suburban), and through his agent, Nicholas B. Burke, entered into an agreement with defendants whereby defendants were to prepare a pension plan for Suburban's employees. Plaintiff was to pay defendants a fee of up to 15% of Suburban's deposits in the pension plan. Defendants represented to plaintiff that the plan complied with the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. secs. 1001 through 1461 (1982)); that deposited funds would be invested in an annuity contract secured by defendants; that the annuity contract was an appropriate, safe and productive investment; and that defendants would provide "competent, honest and reasonably priced services as fiduciaries of such pension plan." Defendants made the above representations in order to induce plaintiff to enter the agreement with defendants. Plaintiff relied on those representations in deciding to enter such an agreement and to deposit $15,000 with defendants for the purchase of an annuity insurance policy.

In October of 1982, plaintiff first learned that defendants had collected a 68% commission, or $10,200, on the plaintiff's purchase of the annuity, instead of the agreed 15%, or $2,250.

In December of 1984, plaintiff filed suit against defendants in the United States Court for the Northern District of Illinois based on ERISA. On May 21, 1985, the district court dismissed the Federal suit because the pension plan, which gave rise to the cause of action, was outside the scope and coverage of Title I of ERISA.

Four months later, on September 17, 1985, plaintiff filed suit against defendants in the circuit court of Cook County for the same actions on which the Federal suit was based. The complaint alleges breach of contract (count I); fraud (count II); deceptive trade practices (count III); and unjust enrichment (count IV).

On October 21, 1985, defendants moved to dismiss the complaint on the ground that it was time barred under the applicable five-year statute of limitations for an unwritten agreement. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) Although no motion to strike defendants' motion to dismiss appears in the record, on January 17, 1986, the court denied such a motion. Thereafter, on January 31, 1986, the court granted defendants' motion to dismiss with prejudice.

The parties agree as to the following: The applicable statute of limitations is the five-year statute for unwritten agreements. (Ill. Rev.

Stat. 1985, ch. 110, par. 13—205.) The alleged cause of action accrued in March of 1979; therefore, plaintiff had until March of 1984 to file suit against defendants. Plaintiff first discovered the alleged fraud which defendants allegedly had been perpetrating against him since March of 1979 in October of 1982, which left him 17 months to file his cause of action during the five-year limitation period.

Plaintiff contends that because defendants fraudulently concealed plaintiff's cause of action, the statute of limitations is extended pursuant to section 13—215 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205), which provides that if a cause of action is fraudulently concealed, the party entitled to bring suit may do so at any time within five years from the date the party discovers he or she has a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 13—215.) Plaintiff further argues that because defendants were fiduciaries of plaintiff, their fraudulent concealment automatically invoked section 13—215 to extend the limitation period. We disagree.

Section 13—215 will not apply to extend a limitation period when with ordinary diligence the plaintiff might have discovered, within the limitation period, that the cause of action existed. In addition if when a plaintiff discovers the defendant's fraudulent concealment, a reasonable amount of time remains in the applicable period of limitation, then that period will not be extended. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295 321-22, 402 N.E.2d 560 (interpreting Ill. Rev. Stat. 1975, ch. 83, par. 23, the predecessor to section 13—215) *appeal dismissed sub nom. Woodward v. Burnham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54; *Clark v. Western Union Telegraph Co.* (1986), 141 Ill. App. 3d 174, 176, 490 N.E.2d 36, *appeal denied* (1986), 112 Ill. 2d 558.) Furthermore, the fact that a defendant is a fiduciary of a plaintiff does not automatically extend the statutory period to file suit, because even when a fiduciary fraudulently conceals a cause of action, the inquiry is still whether a reasonable time remains in the statute of limitations to file suit. If so, then the plaintiff must file within the statutory period or else be time barred. See *Harvey v. Connor* (1980), 85 Ill. App. 3d 1061, 407 N.E.2d 879, *appeal denied* (1980), 81 Ill. 2d 602, *cert. denied* (1981), 451 U.S. 938, 68 L. Ed. 2d 326, 101 S. Ct. 2019.

As support for his position that because defendants were fiduciaries of plaintiff the statute of limitations is automatically extended by five years, plaintiff cites *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181, and *Vigus v. O'Bannon* (1886), 118 Ill. 334, 8 N.E. 778, where the court found that because the defendants, who were fiduciaries of the plaintiffs, had fraudulently concealed the

plaintiffs' causes of action, the statute of limitations was extended for five years from the date the plaintiffs discovered the fraud. However, those cases are distinguishable because the limitation periods in them had expired before the plaintiffs discovered the fraud, whereas in the instant case the fraud was discovered with 17 months remaining in the statute of limitations. Thus, in the cited cases, the plaintiffs did not discover the fraud until it was too late, whereas in the present case plaintiff discovered the fraud while there was still time remaining for plaintiff to file suit.

■■ In the case at bar, however, plaintiff waited until December of 1984, or 26 months, to file suit. Assuming defendants fraudulently concealed plaintiff's cause of action such that section 13—215 could be invoked to extend the statute of limitations, the question which remains is whether 17 months was a reasonable amount of time during which plaintiff may have filed his cause of action. If 17 months was reasonable, then the trial court properly dismissed the complaint as being time barred. If that was not an adequate amount of time, then the court improperly dismissed the complaint because plaintiff had until October of 1987 to refile his suit, and his filing suit on September 17, 1985, was well within that time period. Because this is a question of fact for the trial court's determination, and there is no evidence in the record to show that the court addressed this issue, we remand this case to the circuit court for a hearing to determine whether 17 months was a reasonable amount of time during which plaintiff may have filed his cause of action.

Additionally, plaintiff contends that he had just reason to believe that he originally filed his cause of action within the limitation period because defendants represented to plaintiff that the pension plan obtained qualified status with ERISA. Relying on this representation, plaintiff filed suit in Federal court, believing that a Federal six-year statute of limitations applied. (29 U.S.C. sec. 1113 (1982).) Plaintiff argues that it was only after the district court dismissed his suit that he learned of defendants' misrepresentation regarding the plan's compliance with ERISA. However, plaintiff has waived this issue because he failed to raise it in the trial court, and he cannot now raise it for the first time on appeal. (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550, 449 N.E.2d 65; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) In any event, even if plaintiff had not waived this issue, it is without merit.

■ In order for a plaintiff to assert estoppel against a defendant's pleading the statute of limitations as a defense, the plaintiff must have relied on acts or representations of the defendant which

caused the plaintiff to refrain from filing suit within the applicable statute of limitations. If such inducement for delay had ceased operating before the expiration of the limitation period, and the plaintiff had ample time to file suit within the statute of limitations, he may not invoke estoppel. *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1014, 377 N.E.2d 161.

In the case at bar, plaintiff wrongly relied on defendants' misrepresentations that ERISA covered the pension plan. When plaintiff discovered his cause of action in October of 1982, he could have determined that State law, not Federal law, applied. Thus, he would have known that the statute of limitations was five years, not six. In addition, had plaintiff filed his Federal suit within the 17 months following October of 1982, that suit would have been timely filed under the State statute of limitations. Therefore, defendants' alleged fraud, the misrepresentation that ERISA covered the plan, did not induce plaintiff to delay filing suit until December of 1984 because any such inducement ceased operating in October of 1982.

Next, plaintiff contends that pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) he should have been given a one-year grace period within which to refile his suit in the State court once the district court dismissed his cause of action for lack of jurisdiction. Plaintiff likewise has waived this issue for failing to raise it in the trial court. However, even if he had not waived this issue, it is also without merit.

Section 13—217 provides in pertinent part:

> "[W]here the time for commencing an action is limited, if *** the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed *** by a United States District Court for lack of jurisdiction." (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.)

This section clearly applies only when a plaintiff has initially filed suit in a timely manner, and the original statute of limitations has not expired before that action was ever filed. (*Perkins v. Hendrickson Manufacturing Co.* (7th Cir. 1979), 610 F.2d 469, 470-71; *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 361-62, 251 N.E.2d 910 (interpreting Ill. Rev. Stat. 1959, ch. 83, par. 24, one of the predecessors to section 13—217) *appeal denied* (1969), 42 Ill. 2d 583.) Because plain-

tiff initially filed suit in Federal court after the State five-year limitation period had expired, section 13—217 does not apply to grant plaintiff an extra year to file suit in State court.

Accordingly, we remand this cause to the circuit court for a hearing to determine whether or not 17 months was a reasonable amount of time within which plaintiff may have filed his cause of action.

Reversed and remanded with directions.

QUINLAN, P.J., and BUCKLEY, J., concur.