REA BARRATT, Plaintiff-Appellant, v. JERRY S. GOLDBERG *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—96—3349

Opinion filed April 23, 1998.

Donald L. Johnson and Tobin M. Richter, both of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Thomas P. McGarry, Bruce L. Carmen, and Lisa L. Marre, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

In February or March of 1987, plaintiff retained the law firm of Mammas & Goldberg, Ltd., and specifically defendant Jerry S. Goldberg (Goldberg), to represent her in a dissolution of marriage action (84 D 12301) against her former husband. Mammas & Goldberg, Ltd., and Goldberg represented plaintiff up to and including the entry of the judgment for dissolution of marriage in December 1987. The judgment for dissolution of marriage was entered pursuant to a settlement agreement.

On March 11, 1996, plaintiff filed a legal malpractice action against the defendants for negligence and breach of contract. Plaintiff alleged that Goldberg negligently advised her to settle the dissolution of marriage action in December 1987 without conducting adequate discovery or a proper investigation of the value of the marital estate. Goldberg valued the marital estate at $1.9 million, when in fact it was worth approximately $10 million. Plaintiff alleged that as a direct and proximate result of Goldberg's negligence, she was damaged in that she accepted a settlement that was far less than she was entitled to receive under the law. Plaintiff alleged that Goldberg's partner, Evan James Mammas, and the firm, Mammas & Goldberg, Ltd., were vicariously liable for Goldberg's negligence.

In the spring of 1991, plaintiff retained another lawyer to determine whether the 1987 judgment of dissolution entered pursuant to the settlement agreement could be vacated or modified. Plaintiff alleged that it was at this time that she first was advised of and became aware of Goldberg's alleged negligent representation. Plaintiff knew or should have known of her proposed legal malpractice cause of action in the spring of 1991. Plaintiff filed her complaint on March 11, 1996, almost nine years after the allegedly negligent acts and five years after her discovery of them.

The statute of limitations applicable to legal malpractice actions was amended, effective January 1, 1991, to reduce the statute of limitations from five years to two years and to impose a six-year statute of repose. 735 ILCS 5/13—214.3 (West 1992). Defendants filed a motion to dismiss plaintiff's complaint, arguing that plaintiff's cause of action was barred by the two-year statute of limitations and the six-year statute of repose. Plaintiff also argued, although not in her written motion, that her legal malpractice action was not barred because of the extended statute of limitations for fraudulent concealment provided by section 13—215 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—215 (West 1992)). The trial court rejected this argument.

On August 23, 1996, the trial court entered an order granting

defendants' motion to dismiss and dismissing all plaintiff's claims and causes of action with prejudice. Plaintiff appeals.

On appeal plaintiff contends: (1) that the trial court erred in applying the two-year statute of limitations for legal malpractice actions set forth in section 13—214.3 of the Code (735 ILCS 5/13—214.3 (West 1992)), as the negligent conduct at issue occurred before the effective date of this shortened statute of limitations; (2) the trial court erred in computing the statute of repose from the date of the negligent act or conduct; and (3) the trial court erred in rejecting plaintiff's fraudulent concealment claim without granting leave to amend. For the following reasons, we affirm the trial court's dismissal of plaintiff's cause of action.

Plaintiff first contends that the court erred in applying the newly shortened statute of limitations for legal malpractice claims set forth in section 13—214.3 of the Code (735 ILCS 5/13—214.3 (West 1992)), which became effective January 1, 1991. The last of the alleged negligent conduct occurred in December 1987, when the dissolution judgment was entered. The parties agree that the plaintiff did not discover her injury until the spring of 1991, shortly after the effective date. Plaintiff contends that because the negligent conduct at issue occurred before the effective date of this shortened statute of limitations, the trial court should have applied the statute of limitations in force at the time of the negligent act (five years) or, in the alternative, used the statute of repose to determine timeliness.

■ Section 13—214.3 of the Code (735 ILCS 5/13—214.3 (West 1996)) provides for a two-year statute of limitations and a six-year statute of repose for causes of action alleging legal malpractice. It further provides:

"(f) The provisions of Public Act 86—1371 creating this Section apply to all causes of action accruing on or after its effective date." 735 ILCS 5/13—214.3(f) (West 1996).

The effective date was January 1, 1991.

Looking at the plain language of the statute, the question becomes, When did plaintiff's cause of action accrue? If it accrued prior to January 1, 1991, plaintiff is correct and the two-year statute of limitations does not apply. If, however, the cause of action accrued after the January 1, 1991, effective date, the two-year statute of limitations does apply.

The Illinois Appellate Court has taken different approaches to determining when a cause of action for legal malpractice accrues. One line of cases, illustrated by the first district opinion in *Dolce v. Gamberdino*, 60 Ill. App. 3d 124, 376 N.E.2d 273 (1978), holds that the action accrues at the time of the negligent act. Another line of

cases, illustrated by *Tucek v. Grant*, 129 Ill. App. 3d 236, 472 N.E.2d 563 (1984), holds that a cause of action for legal malpractice does not accrue until the client discovers or should discover the factors establishing the elements of his cause of action. See also *Zelenka v. Krone*, 294 Ill. App. 3d 248, 689 N.E.2d 1154 (1997). The first district has recently held that the position taken in *Dolce* is no longer viable and that a cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know of his injury and that it was wrongfully caused. *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 663 N.E.2d 13 (1995); *Goran v. Glieberman*, 276 Ill. App. 3d 590, 659 N.E.2d 56 (1995).

We reject plaintiff's argument that there are two accrual dates—one when all the elements of the legal malpractice have occurred and one when plaintiff first has knowledge of the cause of action. We find *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 663 N.E.2d 13 (1995), to be dispositive on the issue of accrual.

In *Goodman*, the plaintiff alleged a cause of action for legal malpractice which occurred on April 29, 1985, prior to the effective date of section 13—214.3 of the Code. The parties agreed that the plaintiff did not discover his injury until July 2, 1993, well after the effective date. The court held that because section 13—214.3 of the Code applies to causes of action accruing on or after January 1, 1991, and plaintiff's cause of action accrued on July 2, 1993, when he discovered his injury, section 13—214.3 of the Code applied to plaintiff's suit.

■ Similarly, in the present case, plaintiff knew or reasonably should have known of her injury and that it was wrongfully caused in the spring of 1991, after the effective date of section 13—214.3 of the Code, when she met with a second attorney to discuss the possibility of vacating or modifying the 1987 dissolution judgment. Consequently, the cause of action accrued in the spring of 1991, after the effective date and, therefore, the two-year statute of limitations applies and plaintiff's complaint, filed on March 11, 1996, was not timely filed.

Plaintiff contends that application of these principles in the present case will produce an unjust or absurd result because if she had discovered her cause of action in December 1990, just prior to the effective date, she would have had five years to file her cause of action, but because she discovered her cause of action in the spring of 1991, just after the effective date, she only had two years to file. This is not an unjust result. It is inherent in the shortening of a statute of limitations that someone whose cause of action accrues prior to the shortening of the limitations period will have a longer time in which to file his or her suit. As long as plaintiff's cause of action was not cut

off by the new shortened statute of limitations before she had a reasonable time in which to file, she has no issue with the new statute. See *Moore v. Jackson Park Hospital*, 95 Ill. 2d 223, 447 N.E.2d 408 (1983). In the present case, plaintiff had the full two years from the date of accrual, envisioned by the statute's drafters, to file her cause of action.

Plaintiff's reliance on *Costello v. Unarco Industries, Inc.*, 111 Ill. 2d 476, 490 N.E.2d 675 (1986), and *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 651 N.E.2d 1132 (1995), is misplaced. *Costello* deals with statutes of repose, not statutes of limitations, and therefore is inapplicable. In *Hermitage*, there was no issue regarding which statute of limitations applied, as both the negligent act and discovery and, consequently accrual, occurred prior to the effective date.

Since plaintiff's cause of action accrued after the effective date of section 13—214.3 of the Code, the trial court did not err in applying the two-year statute of limitations. Plaintiff's complaint is time barred.

Because we find plaintiff's cause of action to be barred by the applicable two-year statute of limitations, it is unnecessary to address plaintiff's statute of repose argument.

We further reject plaintiff's contention that the trial court erred in rejecting plaintiff's fraudulent concealment and equitable estoppel claims.

Section 13—215 of the Code provides:

"If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13—215 (West 1992).

Generally, the concealment must consist of affirmative acts or representations that are calculated to lull or induce a claimant into delaying filing his claim or to prevent a claimant from discovering his claim. *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 518 N.E.2d 336 (1987). Mere silence on the part of the defendant and failure by the claimant to learn of the cause of action are not enough. *Smith*, 164 Ill. App. 3d at 862. Furthermore, the allegedly fraudulent statements or omissions that form the basis of the cause of action may not constitute the fraudulent concealment in the absence of a showing that they tend to conceal the cause of action. *Smith*, 164 Ill. App. 3d at 862; *Zagar v. Health & Hospitals Governing Comm'n*, 83 Ill. App. 3d 894, 404 N.E.2d 496 (1980).

■ Plaintiff ignores this well-established rule and suggests that the course of conduct that constituted the alleged legal malpractice— the settling of her divorce action without adequate investigation because of defendants' contentions that it was the best they could do—also was the basis for her fraudulent concealment claim. Absent an allegation of an affirmative act of concealment apart from the allegedly wrongful conduct of defendants, the extended five-year statute of limitations does not apply.

Plaintiff points out that a fiduciary relationship existed between the defendants and the plaintiff. However, allegations that plaintiff failed to discover her cause of action against defendant due to the trust and confidence placed in defendants as fiduciaries are essential to toll the statute of limitations and invoke section 13—215 of the Code. *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 646 N.E.2d 23 (1995); *Hagney v. Lopeman*, 147 Ill. 2d 458, 590 N.E.2d 466 (1992). Such allegations are lacking in this case. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 633 N.E.2d 627 (1994), relied on by plaintiff, is distinguishable. The defendant law firm in that case made continuous reassurances to the plaintiff, which delayed plaintiff's filing of her suit. No such assurances were made in this case. Indeed, plaintiff had no contact with defendants after the December 1987 settlement. Defendants did nothing to induce plaintiff to delay filing her malpractice suit or to prevent plaintiff from discovering her cause of action for legal malpractice.

More importantly, plaintiff actually knew of her cause of action within the limitations period provided in section 13—214.3 of the Code. Illinois courts have consistently held that if the plaintiff discovers the fraudulent concealment and a reasonable time remains within the relevant limitations period, section 13—215 of the Code will not apply to lengthen the limitations period. *Anderson v. Wagner*, 79 Ill. 2d 295, 402 N.E.2d 560 (1979); *Turner v. Nama*, 294 Ill. App. 3d 19, 689 N.E.2d 303 (1997); *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 646 N.E.2d 23 (1995). Moreover, even when a fiduciary fraudulently conceals a cause of action, the relevant inquiry is still whether a reasonable time remains in the limitations period to file suit. If so, then the plaintiff must file within the statutory period or else be time barred. *Leffler v. Engler, Zoghlin & Mann, Ltd.*, 157 Ill. App. 3d 718, 510 N.E.2d 1018 (1987). See also *Harvey v. Connor*, 85 Ill. App. 3d 1061, 407 N.E.2d 879 (1980). In the present case, the plaintiff discovered the alleged concealment and her cause of action in April 1991, when she sought the advice of the second attorney. Plaintiff then had the full two-year limitations period in which to file her action. Therefore, even assuming defendants acted so as to

fraudulently conceal the cause of action, plaintiff had ample time to file her complaint within the limitations period. Yet, plaintiff, without explanation, waited until 1996 to file her complaint. Accordingly, section 13—215 of the Code does not apply. See *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 646 N.E.2d 23 (1995); *Leffler v. Engler, Zoghlin & Mann, Ltd.*, 157 Ill. App. 3d 718, 510 N.E.2d 1018 (1987); *Harvey v. Connor*, 85 Ill. App. 3d 1061, 407 N.E.2d 879 (1980).

■ Plaintiff also contends that the trial court should have granted her leave to amend her complaint. There is no absolute right to amend a pleading. *Butler v. Kent*, 275 Ill. App. 3d 217, 655 N.E.2d 1120 (1995). It is well established that the decision whether to allow an amendment to a complaint lies within the sound discretion of the trial court, and its discretion will not be disturbed absent an abuse of that discretion. *Braun-Skiba, Ltd. v. La Salle National Bank*, 279 Ill. App. 3d 912, 665 N.E.2d 485 (1996). We cannot say that the trial court abused its discretion in failing to grant plaintiff leave to amend her complaint.

■ We similarly reject plaintiff's argument that defendants should be equitably estopped from raising the statute of limitations defense. The doctrine of equitable estoppel will not apply to a case if the defendant's conduct terminated within ample time to allow the plaintiff an opportunity to file a cause of action within the limitation period. *Serafin v. Seith*, 284 Ill. App. 3d 577, 672 N.E.2d 302 (1996); *Cramsey v. Knoblock*, 191 Ill. App. 3d 756, 547 N.E.2d 1358 (1989); *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 518 N.E.2d 336 (1987). Plaintiff had two years in which to file her action.

Accordingly, for the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CERDA, P.J., and WOLFSON, J., concur.