2020 IL App (1st) 200615

FIRST DISTRICT
SIXTH DIVISION
November 20, 2020

No. 1-20-0615

| | | |
|---|---|---|
| COUNTY LINE NURSERIES & LANDSCAPING, INC., and MICHAEL COLLINS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 2018 L 11647 |
| JAMES KENNEY, | ) ) | Honorable James N. O'Hara, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Connors and Griffin concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiffs, County Line Nurseries & Landscaping, Inc. (County Line) and Michael Collins (collectively, plaintiffs), appeal the circuit court's order dismissing plaintiffs' legal malpractice complaint with prejudice. On appeal, plaintiffs contend that the court erred in finding that fraudulent concealment did not toll the statute of limitations. For the following reasons, we affirm.

¶ 2                                    I. JURISDICTION

¶ 3 On March 12, 2020, the circuit court entered its order granting defendant's motion to reconsider and dismissing the case with prejudice. Plaintiffs filed their notice of appeal on April 10, 2020. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                    II. BACKGROUND

¶ 5     A complete background of this case can be found in this court's opinion in *County Line Nurseries & Landscaping, Inc. v. Glencoe Park District*, 2015 IL App (1st) 143776. We set forth those facts relevant to this appeal.

¶ 6     County Line had been involved in a contract dispute with Glencoe Park District (Park District) regarding landscaping services. In September 2013, it filed a complaint against the Park District for breach of contract, seeking approximately $75,000 in damages. The Park District filed a counterclaim for breach of contract, seeking more than $40,000 in damages. During the proceedings, County Line was represented by a number of different attorneys.

¶ 7     On May 29, 2014, defendant James Kenney attended a status hearing and addressed the court, although he had not filed an appearance for County Line. He informed the court that he had spoken to Michael Collins, County Line's owner and president, and was reviewing the file. The court continued the matter to June 10, 2014, and ordered County Line to file an appearance by that date. On June 10, 2014, Kenney asked for another continuance and the court ordered County Line to file an appearance by June 18, 2014, or the case would be dismissed for want of prosecution.

¶ 8     On June 18, 2014, Kenney again attended a status hearing but did not file an appearance. He requested more time, and the court ordered County Line to file and serve an appearance by June 26. Collins was present in the courtroom that day. After the status hearing, while in the courtroom, Kenney raised the prospect of a settlement with counsel for the Park District. The parties discussed a settlement of their claims with a one-time payment of $17,500 to County Line. The following day, counsel for the Park District informed Kenney that the Park District would

agree to the settlement. Counsel e-mailed Kenney a release for Collins to sign by June 24, which would enable the court to dismiss the case at the next status hearing on June 26, 2014.

¶ 9 On June 24, 2014, Park District counsel was contacted by an attorney named Joshua Slade, who informed him that Collins had talked to him about representing County Line. Slade stated that he had no knowledge of a settlement. Park District counsel contacted Kenney, who told him that he was unaware of Collins contacting other attorneys. Kenney further stated that he sent the release to Collins by June 24, but had been unable to contact Collins since then. On June 26, 2014, Zohaib Ali filed an appearance for County Line. He stated that he was unaware of a settlement and requested a continuance to review and familiarize himself with the case. The cause was continued to July 24, 2014.

¶ 10 On July 1, 2014, the Park District filed a motion to enforce the oral settlement agreement and for sanctions against County Line. On August 14, 2014, County Line filed a response in which it denied entering into any settlement agreement. It acknowledged Kenney's presence, but argued that Kenney was not authorized to make settlement offers on County Line's behalf. Attached to County Line's motion was the affidavit of Collins. In his affidavit, Collins acknowledged that he and Kenney discussed the possibility of a settlement with Park District counsel, but Collins did not believe the case was settled when he left the court on June 18. He stated that Kenney had no authority to enter into a settlement at that time. Collins further stated that on August 4, 2014, his attorney forwarded to him the Park District's motion to enforce the settlement and for sanctions. It was at that time Collins first "read and review[ed] the purported settlement agreement that [Park District counsel] asserts he and Mr. Kenney discussed on June 18, 2014."

¶ 11    On September 23, 2014, the trial court granted the Park District's motion to enforce the settlement and for sanctions. The court found that Collins' affidavit was not credible and that Collins changed his mind after entering into the agreement. Alternatively, the court found that since Collins was present in the courtroom and during discussions on June 18, and he did not repudiate Kenney's actions at the time, Collins ratified Kenney's acts of engaging in settlement discussions on behalf of County Line.

¶ 12    County Line appealed, and on December 23, 2015, this court affirmed the trial court's finding that the parties entered into an enforceable settlement agreement. The court also agreed that Collins ratified defendant's actions. The court, however, reversed the trial court's order for sanctions against County Line. *County Line*, 2015 IL App (1st) 143776, ¶ 37.

¶ 13    On remand after the appeal, the trial court dismissed County Line's case with prejudice on July 14, 2016.

¶ 14    On October 26, 2016, plaintiffs filed a legal malpractice action against Kenney. Kenney filed a motion to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)). The trial court dismissed the complaint but allowed plaintiffs leave to file an amended complaint.

¶ 15    In the amended complaint, plaintiffs alleged that Kenney, "without authorization, held himself out to the public as the attorney for [County Line] and [Collins]." The complaint further alleged that on June 18, 2014, Kenney "on his own authority and decision" entered into settlement negotiations with the Park District, and "offered to settle the matter for a one-time payment of $17,500.00 to [County Line] which would have left a balance due of approximately $60,000."

Plaintiffs alleged that Kenney never informed Collins of the settlement offer, nor did he inform Collins of his acceptance of the offer on behalf of County Line.

¶ 16    Furthermore, Kenney "fraudulently concealed the fact from [Collins] that he had entered into the settlement agreement" and instead told Collins that he was not representing County Line. The complaint alleged that due to Kenney's fraudulent concealment, Collins did not become aware of a cause of action against Kenney until December 23, 2015, when the appellate court affirmed the trial court's order to enforce the settlement. Plaintiffs alleged that, as a result of Kenney's fraudulent concealment, their time to file their complaint was extended to December 23, 2020.

¶ 17    As damages, plaintiffs alleged that they were forced to accept a nominal settlement from the Park District. Plaintiffs also incurred attorney fees in appealing the court's order enforcing the settlement and resolving the matter of sanctions. The complaint alleged that plaintiffs would not have incurred these damages had Kenney not acted without County Line's authority.

¶ 18    Kenney again filed a section 2-619 motion to dismiss, arguing that plaintiffs should have known of their injury by September 23, 2014, when the trial court entered its order enforcing the settlement. Therefore, they had until September 23, 2016, to file their legal malpractice complaint. See 735 ILCS 5/13-214.3(b) (West 2016). Kenny argued that since plaintiffs filed their complaint on October 26, 2018, more than two years later, their claims against him were time-barred. The trial court denied the motion to dismiss, and Kenney filed a motion to reconsider. The court granted the motion to reconsider and, upon reconsideration, dismissed the case with prejudice. Plaintiffs filed this appeal.

¶ 19                                    III. ANALYSIS

¶ 20    The only issue on appeal is whether the trial court erred in finding plaintiffs' complaint time-barred by the applicable two-year statute of limitations and dismissing the complaint with prejudice. Kenney filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2018)). This section allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." *Id.* We review the trial court's dismissal under section 2-619(a)(5) *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004).

¶ 21    Section 13-214.3(b) of the Code provides that an action for legal malpractice "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b) (West 2018). This provision incorporates the discovery rule, which tolls "the start of the period of limitations until the injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20.

¶ 22    Importantly, knowledge that an injury was wrongfully caused does not equate to " 'knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action.' " (Emphasis in original.) *Castello v. Kalis*, 352 Ill. App. 3d 736, 744 (2004) (quoting *Young v. McKiegue*, 303 Ill. App. 3d 380, 388 (1999)). Rather, such knowledge is present when an injured person "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 416 (1981). At this point, the statute of limitations "begins

to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed." *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981).

¶ 23    Plaintiffs' injury, as alleged in the first amended complaint, resulted from the settlement agreement made between Kenney and Glencoe Park District's counsel on June 18, 2014. Collins stated that Kenny had no authority to enter into such an agreement, and Collins did not know Kenney had negotiated a settlement on County Line's behalf on June 18, 2014. Even if Collins was not aware of the settlement on June 18th, he acknowledged in his affidavit that on August 4, 2014, he "read and review[ed] the purported settlement agreement that [Park District counsel] asserts he and Mr. Kenney discussed on June 18, 2014." This statement shows that Collins was aware of the settlement agreement on August 4, 2014.

¶ 24    However, "[f]or purposes of a legal malpractice action, a client is not considered to be injured unless and until he has suffered a loss for which he may seek monetary damages." *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306 (2005). Generally, that loss occurs when the plaintiff has suffered an adverse judgment or dismissal of the underlying action due to the attorney's negligence. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356 (1998); *Warnock v. Karm Winand & Patterson*, 376 Ill. App. 3d 364, 371-72 (2007).

¶ 25    Here, the trial court entered an order enforcing the settlement on September 23, 2014. Plaintiffs should have had sufficient knowledge that they suffered an injury, and of its potentially wrongful cause, no later than the date the order was entered. At that point, plaintiffs had a duty to inquire further as to whether an actionable wrong had been committed. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 86 (1995). Therefore, the statute of limitations began

to run on September 23, 2014, and plaintiffs had until September 23, 2016, to file their malpractice claim against Kenney. See 735 ILCS 5/13-214.3(b) (West 2018). Since plaintiffs filed their complaint on October 26, 2018, it was barred by the two-year statute of limitations. *Id.*

¶ 26    Plaintiffs contend, however, that Kenney fraudulently concealed the fact that he was acting as County Line's attorney without authority or consent. He further concealed from County Line and Collins that he entered into a settlement agreement with the Park District. As a result, plaintiffs argue that they had five years from the time they reasonably became aware of an injury to file a legal malpractice complaint. Plaintiffs contend that the five-year limitations period began to run at the earliest on June 18, 2014. Therefore, plaintiffs' complaint was timely because they had until June 28, 2019, to file a complaint.

¶ 27    Section 13-215 of the Code provides:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." *Id.* § 13-215.

Concealment is achieved through affirmative acts or representations "calculated to lull or induce a claimant" so that the filing of his claim is delayed, "or to prevent a claimant from discovering his claim." *Barratt v. Goldberg*, 296 Ill. App. 3d 252, 257 (1998).

¶ 28    We note, however, "that if the plaintiff discovers the fraudulent concealment and a reasonable time remains within the relevant limitations period" to file an action, section 13-215 will not apply to extend the limitations period. *Id.* at 258. Here, plaintiffs alleged that Kenney fraudulently concealed that he entered into the settlement agreement without plaintiffs' consent or

knowledge on June 18, 2014. If plaintiffs had known of their cause of action at that time, they would have had two years from June 18, 2014, in which to file their malpractice complaint. Despite Kenney's alleged concealments, plaintiffs had sufficient knowledge of an injury caused by his malpractice, at the latest, on September 23, 2014, when the trial court entered its order finding the settlement agreement valid and enforceable. Plaintiffs still had ample time to file a complaint within the two-year limitations period, which ran to June 18, 2016. Accordingly, the five-year statute of limitations for fraudulent concealment does not apply. *Turner v. Nama*, 294 Ill. App. 3d 19, 28 (1997).

¶ 29    Plaintiffs include conclusory arguments in their brief, without analysis or citation to authority, that the trial court should have allowed County Line to amend its complaint and erred in granting Kenney's motion to reconsider. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that a brief "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Since these arguments fail to comply with Rule 341(h)(7), plaintiffs' claims are forfeited on appeal. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 36.

¶ 30    Due to our disposition of this appeal, we need not address Kenney's collateral estoppel argument.

¶ 31                              IV. CONCLUSION

¶ 32    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 33    Affirmed.

---

**No. 1-20-0615**

---

| | |
|---|---|
| **Cite as:** | *County Line Nurseries & Landscaping, Inc. v. Kenney*, 2020 IL App (1st) 200615 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2018-L-11647; the Hon. James N. O'Hara, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Thomas W. Gooch III and Sabina D. Walczyk, of The Gooch Firm, of Wauconda, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | David A. Sorensen, of Law Offices of Edward J. Kozel, of Chicago, for appellee. |

---