2021 IL App (2d) 200316-U
No. 2-20-0316
Order filed May 20, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| HAROLD M. CROWE, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-LA-256 |
| | ) | |
| RANDALL TARADASH and THE | ) | |
| TARADASH LAW OFFICES, | ) | Honorable |
| | ) | Kevin G. Costello, |
| Defendant-Appellees. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Five-year extended limitations period for fraudulent concealment of a cause of action did not apply to legal malpractice claim alleging an improperly induced settlement, where (1) plaintiff did not allege any acts of concealment apart from the acts that induced the settlement and that formed the basis of his suit; and (2) plaintiff, upon discovering the grounds for his malpractice claim, still had a reasonable time in which to file his action before the normal two-year limitations period expired.

¶ 2   Plaintiff, Harold M. Crowe, filed a complaint sounding in legal malpractice against defendants, Randall Taradash and the Taradash Law Offices. Defendants moved to dismiss the complaint (see 735 ILCS 5/2-619(a)(5) (West 2018)) as barred by the two-year statute of

limitations (735 ILCS 5/13-214.3(b) (West 2018)). Plaintiff contended that the complaint was timely because defendants had fraudulently concealed his cause of action, thus triggering the five-year statute of limitations (see *id.* § 13-215). The trial court granted defendants' motion. Plaintiff appeals, arguing that (1) the trial court erred in applying the two-year statute of limitations instead of the five-year statute, which would have made the complaint timely and (2) the court abused its discretion in denying plaintiff leave to amend the complaint. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4      On August 23, 2019, plaintiff filed his complaint. It alleged the following facts. On December 9, 2009, while he was working for the Village of Hanover Park (Village), plaintiff was seriously injured in a motor vehicle accident. At the time of the accident, his average wage was approximately $1015.96 a week. He never returned to full-time work. On or about July 18, 2012, plaintiff hired defendants to pursue a workers' compensation claim. The parties signed a standard representation agreement that implicitly held defendants to the standard of care for attorneys.

¶ 5      The complaint alleged that defendants breached the agreement by failing to perform to the standard of care. They did not promptly move for immediate hearings to obtain temporary total disability benefits and did not seek to require the Village to pay all medical bills or the cost of employment rehabilitation. In 2015, defendants induced plaintiff to settle the action by telling him that the arbitrator would award only what defendants asked and that plaintiff could hope for no more. The case was settled for a lump-sum payment of $275,000; after deducting attorney fees and costs, plaintiff's award was only $583.35 per month over his life expectancy of 31 years. At the time of the settlement, defendants did not explain to plaintiff that he was giving up numerous rights, including future medical payments justified by his serious injuries and his worsening condition.

¶ 6      The complaint alleged that defendants pressured plaintiff into accepting the settlement by repeatedly assuring him that it was the most that he could get and that he should be able to succeed in future medical claims.  These statements were false and defendants knew it.  The purpose of the misleading statements was to conceal a cause of action that plaintiff had against defendants for wrongfully handling his case.  The case was easily worth more than twice what he settled for.  As a result of defendants' fraudulent concealment, plaintiff did not discover that he had a cause of action until 2017, when his new attorney advised him so.

¶ 7      Defendants moved to dismiss the complaint as untimely. They alleged as follows.  On June 1, 2015, plaintiff signed the agreement settling his case.  On February 27, 2017, his present lawyer, Thomas W. Gooch III, sent a letter to defendants.  In the letter, Gooch stated in part:

   "I have been retained to represent [plaintiff] in an attorney malpractice case against you and your firm for the wrongful settlement of his workers' compensation claim.  I understand that [plaintiff] consented to the settlement[;]however, the basis of this claim is the pressure placed upon him to settle the matter and the minimal amount the case settled for in view of his ongoing disabilities and inability to work."

¶ 8      Defendants argued that, as a matter of law, the complaint was untimely.  It was filed two years and six months after Gooch identified in writing the purportedly negligent conduct on which the complaint was based.  Under section 13-214.3(b) of the Code of Civil Procedure (Code), an action for attorney malpractice "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought."  735 ILCS 5/13-214.3(b) (West 2018).  Thus, according to case law, a cause of action accrues when the client knows enough to inquire further to determine whether an actionable wrong was committed. *Carlson v. Fish*, 2015 IL App (1st) 140526, ¶ 23.  Accrual does not require actual

knowledge of the specific allegedly negligent conduct. *Id.* In general, a client is deemed to have constructive knowledge of an injury wrongfully caused by an attorney by the time that he has met with a second attorney and discussed the subject matter of the alleged negligence. *Barratt v. Goldberg*, 296 Ill. App. 3d 252, 258 (1998). Therefore, defendants argued, plaintiff's cause of action accrued no later than February 27, 2017, when Gooch made a claim on defendants that was premised on the professional negligence and injuries that were alleged in the complaint. The statute of limitations expired February 27, 2019, well before the complaint was filed.

¶ 9        Defendants' motion argued that, as a matter of law, plaintiff could not rely on section 13-215 of the Code. Under section 13-215, if a person fraudulently conceals a cause of action from the knowledge of the person entitled to it, "the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 730 ILCS 5/13-215 (West 2018). The motion gave two reasons why the complaint's allegation of fraudulent concealment was insufficient.

¶ 10        First, the alleged fraudulent concealment was premised on the same facts as was the cause of action. Defendants contended that this case was indistinguishable from *Barratt*, which held that an attorney-malpractice complaint was untimely, reasoning in part that the plaintiff's allegation that the attorney misled her into accepting an inadequate settlement was integral to the complaint and thus could not be a basis to use section 13-215. *Barratt*, 296 Ill. App. 3d at 257-58.

¶ 11        Second, section 13-215's five-year window does not apply if the plaintiff discovers the fraudulent concealment when reasonable time remains under the underlying statute of limitations to file the complaint. See *id.* at 258. Defendants reasoned that, on February 27, 2017, the latest date at which plaintiff and his counsel knew or should have known of the alleged fraudulent concealment, they still had (assuming an accrual date of June 1, 2015) more than three months

until the two-year period of section 13-214.3(b) of the Code expired. Therefore, as a matter of law, the complaint was untimely.

¶ 12    Plaintiff responded to the motion dismiss. He did not contend that the complaint was timely under section 13-214.3(b), but he maintained that there was at least a question of fact as to whether section 13-215 applied. Plaintiff argued that, as his fiduciaries, defendants' failure to disclose the true nature of his case, including that he should have received a much larger settlement, was fraudulent concealment.

¶ 13    Plaintiff noted that when a party knew or should have known that he had a cause of action is usually a question of fact. See *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 250 (1994). He contended that there was insufficient evidence to take this question from the fact finder. Thus, as the complaint was filed less than five years after June 1, 2015, it was timely.

¶ 14    The trial court granted defendants' motion and dismissed the complaint. The court held first that, as a matter of law, plaintiff had failed to adhere to the two-year limitation period of section 13-214.3(b). The court agreed with defendants that February 27, 2017, was the latest date by which plaintiff knew or should have known of his injury, as Gooch on that date told defendants that he had been retained to represent plaintiff in an attorney malpractice case against them. Thus, section 13-214.3(b)'s period expired more than six months before plaintiff filed his complaint.

¶ 15    The court held second that, as a matter of law, section 13-215 did not rescue the complaint. The court found *Barratt* on point and cited two respects in which it controlled. First, in neither *Barratt* nor the present case had the complaint alleged any specific affirmative acts of fraudulent concealment other than the attorney's assurance to the plaintiff, before the judgment, that the proposed settlement would be satisfactory. The court noted that *Barratt* requires fraudulent

concealment of the cause of action by acts undertaken after the injury allegedly caused by the attorney's malpractice and with the intent to conceal the cause of action from the client.

¶ 16    Second, the court observed that, under *Barratt*, the five-year period of section 13-215 does not apply if the plaintiff discovers the fraudulent concealment of his cause of action and a reasonable time remains within the two-year period to file his complaint.  Here, when plaintiff discovered his cause of action on February 27, 2017 (at the latest), he still had until June 1, 2017, in which to file his complaint.[1]  As plaintiff had retained an attorney who notified defendants that he was claiming malpractice, three months was "more than [a] reasonable period" in which to file a complaint that "turned out to be five pages."

¶ 17    Plaintiff moved to reconsider the dismissal, essentially reiterating the arguments that he had made in responding to defendants' motion to dismiss.  Plaintiff also requested, alternatively, leave to amend his complaint to allege further facts regarding the statute of limitations.  Plaintiff's motion did not include any such facts or explain how new facts would affect the resolution of the issue.  The court denied the motion to reconsider, and plaintiff timely appealed.

¶ 18                                II. ANALYSIS

---

[1] The court apparently assumed that, even if plaintiff did not discover the fraudulent concealment of his cause of action until February 27, 2017, the cause of action itself accrued on June 1, 2015, the date of the judgment.  As our discussion of the discovery rule shall show, this assumption was unsound and worked against plaintiff.  As either date of accrual (or any date in between) would not change the result, and as we review the correctness of the trial court's judgment, not its reasoning, we say no more on this matter.

¶ 19    On appeal, plaintiff contends first that the trial court erred in dismissing his complaint as time-barred.  Plaintiff does not argue that he satisfied section 13-214.3(b)'s two-year deadline.  However, he argues that defendants did not establish that section 13-215 did not apply.  For the following reasons, we disagree.

¶ 20    Section 2-619(a)(5) of the Code allows for the dismissal of an action that "was not commenced within the time limited by law."  735 ILCS 5/2-619(a)(5) (West 2018).  Our review of a section 2-619(a)(5) dismissal is *de novo*.  *Carlson v. Fish*, 2015 IL App (1st) 140526, ¶ 22.

¶ 21    As plaintiff relies solely on section 13-215, set out earlier, we discuss only that ground.  We agree with defendants and the trial court that *Barratt* is on point and requires affirmance, for two independently sufficient reasons.

¶ 22    In *Barratt*, the defendant law firm represented the plaintiff in a dissolution-of-marriage case that went to a judgment, based on a settlement, in December 1987.  At this time, the statute of limitations for attorney malpractice was five years.  Effective January 1, 1991, the period was shortened to two years.  In spring 1991, the plaintiff retained another lawyer to determine whether the 1987 judgment could be vacated or modified.  In March 1996, she filed a malpractice action against the defendant.  She alleged that the five-year limitations period applied and that it was only in spring of 1991, when she retained the second attorney, that she knew or should have known of the defendant's negligent representation.  On the defendant's motion, the trial court dismissed the complaint as time-barred.  The plaintiff appealed.  *Barratt*, 296 Ill. App. 3d at 254-55.

¶ 23    The appellate court affirmed.  The court first addressed whether the old or new statute of limitations applied.  By its terms, the new two-year statute applied to causes of action that accrued on or after January 1, 1991.  *Id.* at 256; see 735 ILCS 5/13-214.3(f) (West 1996).  Thus, it applied to the plaintiff's cause of action, which accrued in spring 1991, when she met with the second

attorney to determine whether she had grounds to move to vacate or modify the 1987 judgment. *Id.* at 256. The court rejected the plaintiff's contention that shortening the limitation period by three years would produce an unjust or absurd result. Under the new statute, the plaintiff still had a reasonable time (until spring of 1993) to file the complaint. *Id.* at 256-57. Thus, as the complaint was filed in 1996, it was untimely. *Id.* at 257.

¶ 24    The plaintiff argued alternatively that, even if the two-year statute applied, section 13-215, which read as it does today, enlarged the time for filing because the defendant had fraudulently concealed the cause of action. The appellate court rejected this contention.

¶ 25    The court held first that fraudulent concealment could not be shown by the defendant's assurances to the plaintiff, *before and up to the date of the settlement*, that the result that it had obtained was the best that she could expect. The fraudulent concealment could not be based on the same acts that constituted the alleged malpractice. *Id.* at 258. Because the plaintiff had no contact at all with the defendant after the settlement/judgment, the defendant had done nothing to induce her to delay filing her complaint or to prevent her from discovering her cause of action. *Id.*

¶ 26    The court held second that, in any event, the plaintiff actually knew of her cause of action by spring 1991, which was well within the two-year limitations period. Thus, her complaint was subject to the well-established rule that, if the plaintiff discovers the fraudulent concealment and a reasonable period remains within the relevant limitations period, section 13-215 will not apply to lengthen that period. *Id.*; see *Anderson v. Wagner*, 79 Ill. 2d 295. 322 (1979). The plaintiff discovered any fraudulent concealment in spring 1991, when she met with the second attorney to determine whether the defendant had committed malpractice. *Barratt*, 296 Ill. App. 3d at 258-59. This was when she discovered her cause of action. Therefore, she had until spring 1993 to file her

complaint. Because she waited until 1996 and section 13-215 did not apply, the complaint was barred. *Id.* at 259.

¶ 27 Here, section 13-215 fails to rescue plaintiff's complaint, for the same reasons that it failed in *Barratt*. First, the alleged fraudulent concealment consisted entirely of defendants' assurances to plaintiff, *up to the date of the settlement but not beyond*, that the result was the best that could be obtained. Under *Barratt*, this was not fraudulent concealment.

¶ 28 Plaintiff attempts to rely on more than these assurances. He contends that defendants fraudulently concealed his cause of action by violating their duty, as his fiduciaries, to speak. He contends that, based on this duty, he did not need to allege or show that defendants "lulled him."

¶ 29 Plaintiff misapplies the law. Whatever the scope of defendants' fiduciary obligation, it did not extend to telling him that he had a cause of action against them for malpractice. See *Fortune v. English*, 226 Ill. 262, 269 (1907); *Carlson*, 2015 IL App (1st), ¶ 45. In *Barratt*, the court held that the plaintiff was still required to allege facts to show that she failed to discover her cause of action due to the trust and confidence that she placed in the defendant. Because she did not even have contact with the defendant after the settlement, she could not do so. *Barratt*, 296 Ill. App. 3d at 258. That holding applies here.

¶ 30 Second, as a matter of law, the plaintiff discovered both her cause of action and any fraudulent concealment no later than February 27, 2017, when Gooch accused defendants of committing malpractice in several specific respects and stated that he would file a complaint on plaintiff's behalf against them. Thus, according to *Barratt*'s reasoning, plaintiff had until February 27, 2019, to file the complaint. Even if the cause of action accrued on June 1, 2015, when the original judgment was entered (as the trial court apparently assumed), plaintiff still had until June 1, 2017, to file the complaint, which was three months and one day after he discovered the

fraudulent concealment. This was more than a reasonable time. But plaintiff still waited until August 23, 2019. Moreover, whether defendants were plaintiff's fiduciaries does not affect this requirement. See *id.*, 296 Ill. App. 3d at 258. Thus, the trial court correctly held that the complaint was untimely.

¶ 31 Plaintiff argues that, even if the court correctly so ruled, it erred in refusing to allow him to amend his complaint. We disagree. Whether to allow amendments to the complaint was within the court's discretion, and we may not disturb its decision absent an abuse of that discretion. *Barratt*, 296 Ill. App. 3d at 259. To determine whether the court abused its discretion, we consider (1) whether the proposed amendment would cure the defective pleading; (2) whether defendants would suffer prejudice or surprise as a result of the proposed amendment; (3) whether the proposed amendment was timely; and (4) whether previous opportunities to amend the complaint can be identified. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 32 The trial court did not abuse its discretion. The pertinent factors fully support its decision; indeed, the first alone is dispositive. In asking leave to amend, plaintiff did not supply any new facts that he wished to plead, much less explain how new facts would have cured the untimeliness of the complaint. Further, no amendment could have changed when the underlying judgment was entered, when plaintiff discovered his injury and the alleged fraudulent concealment, and when he filed his malpractice complaint. This chronology compelled dismissal. Of course, the court could also conclude that defendants would incur undue prejudice from a motion to amend filed past the expiration of the limitations period; that plaintiff had waited unduly to propose amendments; and that, if plaintiff had new facts to plead, he could have sought leave to amend earlier.

¶ 33                                III. CONCLUSION

¶ 34 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 35    Affirmed.